IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-227-R |
| | ) |
| ERICK GACHUHI WANJIKU, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Erick Gachuhi Wanjiku's *pro se* Motion to Unseal Transcripts [Doc. 150]. For the reasons that follow, Defendant's Motion is DENIED.

Following a jury trial, Defendant was found guilty on two counts of assaulting a federal officer [Doc. 50]. Defendant filed a direct appeal to the Tenth Circuit, and both his conviction and sentence were affirmed [Docs. 144]. He now seeks to unseal the transcript of the voir dire proceedings of his trial for use in his postconviction relief request.

Pursuant to Judicial Conference Policy, in a criminal case, "documents containing identifying information about jurors or potential jurors…should not be made available to the public either at the courthouse or via electronic access." *See Policy on Privacy and Public Access to Electronic Case Files*, The Judicial Conference of the United States, (available at https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files) (cleaned up). The transcript includes the names, occupations, location, and other identifying information of 30 jurors or potential jurors. Accordingly,

1

this is the type of document that should be sealed from the public, and Defendant's Motion to Unseal is thus denied.

Additionally, a liberal reading of Defendant's Motion reveals a request for a free copy of the voir dire transcript. Defendant has not stated the grounds for the postconviction relief he seeks, but merely directs that he "would be unable to fully litigate his case" without the voir dire transcript [Doc. 150].

"Indigent prisoners do not have a constitutional right of access to free transcripts merely to search for error." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992). "Criminal defendants have an absolute right to a trial transcript for direct appeals, but if they are seeking postconviction collateral relief, they must first demonstrate a nonfrivolous claim." *Nortonsen v. Larimer Cty. Dist. Ct.*, 178 Fed.Appx. 783 (10th Cir. 2006) (citing *Ruark*, 958 F.2d at 319). Moreover, under 28 U.S.C. § 753(f), free transcripts are available for defendants seeking postconviction relief only where the trial judge or circuit judge certifies that the claim is not frivolous. 28 U.S.C. § 753(f).

Defendant's Motion does not provide the Court with the information necessary to make the certification required by § 753(f). He presents neither the avenue for postconviction relief he seeks, nor the necessity or utility of the transcript for his requested relief. Accordingly, his request is denied without prejudice, and he may file a motion with information sufficient for this Court to determine whether his claim is nonfrivolous.

Therefore, Defendant's Motion to Unseal is DENIED. Additionally, Defendant's request for a free copy of the transcript for postconviction relief is DENIED, though he may file a separate motion establishing the nonfrivolous grounds for his requested relief.

IT IS SO ORDERED this 15th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE