UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-23-227-R |
| | ) |
| ERICK GACHUHI WANJIKU | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Erick Gachuhi Wanjiku's *pro se* Motion to Unseal Voir Dire Transcripts [Doc. No. 152].

The Court previously addressed a similar request [Doc. No. 148] ruling that the voir dire transcript was sealed in accordance with Judicial Conference policy pertaining to protecting identifying information of potential jurors. Doc. No. 148 at pp. 1-2.[1] Accordingly, the Court interpreted Defendant's *pro se* Motion as a request for a free transcript. *Id*. at p. 2. However, because Defendant intended to use the transcript for collateral post-conviction relief rather than for direct appeal, he was required to demonstrate a non-frivolous claim before a free copy of the transcript was appropriate. *Id*. Because his first Motion failed to provide adequate grounds for his post-conviction relief, it was denied. *Id*. His present Motion fails for the same reason.

---

[1] This is Defendant's third attempt to unseal the voir dire transcript in this Court [Doc. Nos. 147, 150, 152]. The Tenth Circuit has received a similar request for the voir dire transcripts [App. Case. 24-6010, Doc. No. 75], which it similarly denied [App. Case. 24-6010, Doc. Nos. 89-90].

1

Defendant contends that the voir dire transcript from his trial will be used for post-conviction relief in two ways. First, prior to conducting voir dire, the Court held an evidentiary hearing regarding a video recording in which Defendant challenged whether the Government provided the full video of the incident at issue in the case. Defendant argues that the Government misled the Court regarding whether the video had been altered, leading the Court to overrule his challenge. Doc. No. 151 at p.1. Second, Defendant argues that the Court's voir dire was inadequate in curing prejudice held by the potential jurors against immigrants. *Id*. at pp. 1-2. As alleged, neither of these arguments support a non-frivolous claim.

"'Under 28 U.S.C. [§] 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a [§] 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit.'" *United States v. Harris*, 59 F.3d 179 (10th Cir. 1995) (table) (quoting *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993)). To meet this standard, the Defendant must demonstrate a "particularized need" for the transcript. *Sistrunk*, 992 F.2d at 259. "Conclusory" or "naked" allegations or claims that are "not colored…with factual allegations" are insufficient. *See id.*; *see also Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992)). A claim is not frivolous if it "presents a substantial question." 28 U.S.C. § 753(f); *see also United Sattes v. Bagby*, No. 10-CR-0134-CVE, 2011 WL 810709, at *1 (N.D. Okla. Mar. 1, 2011)).

While the first claim is not labeled, Defendant has presented a similar claim pertaining to the alleged alteration and misleading of this Court by the Government

2

regarding the video of the incident in the form of a *Brady* violation on two prior occasions. First in his Motion for a New Trial [Doc. No. 56], and second to the Tenth Circuit on direct appeal. *See* App. Case 24-6010, Doc. No. 74 at pp. 8-9. Defendant's argument failed both times.

This Court applied the following standard when it analyzed a similar argument by Defendant in his Motion for a New Trial: "…the defendant must prove the prosecution suppressed evidence, the evidence was favorable to the defense, and the evidence was material." *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009). The Court found that the claim failed the first element—that is, the Court held that the video was not favorable to Defendant [Doc. No. 63 at pp. 3-4]. Instead, it was noted that if anything, the video was favorable to the Government. *Id*.

On appeal, the claim was included in Defendant's response to his counsel's *Anders* brief, in which she sought to withdraw as counsel due to Defendant having no non-frivolous claims for relief. App. Case 24-6010, Doc. Nos. 64, 74. In its Order and Judgment granting Defendant's counsel's Motion to Withdraw, the Tenth Circuit—with the present argument before it—determined that Defendant presented no non-frivolous claims for appeal. App. Case 24-6010, Doc. No. 90-1 at p. 5.

Here, Defendant does not present this Court with any new arguments or grounds that have not been alleged before, and instead provides the Court with significantly less factual support than in prior iterations of the claim. For example, while Defendant alleges that the video was suppressed by alteration, he provides no factual allegations that support an argument that an unaltered version of the video would be either favorable to him or

material to the case. Without more, the Court cannot determine whether the claim would be non-frivolous so as to justify delivery of the transcripts.

Defendant next asserts that the "jury questions asked in the jury selection process failed to cure any bias towards immigrants and immigration." Doc. No. 152 at p. 2. However, Defendant does not present any factual allegation giving rise to a finding of potential juror bias. Instead, in the next sentence, Defendant states that he "presumes that prejudice towards immigrants and immigration existed in the venire from which he picked his jury." *Id*. This proposed presumption is contrary to Supreme Court and Tenth Circuit precedent. *See Rosales-Lopez v. United States*, 451 U.S. 182 (1981); *United States v. Murry*, 31 F.4th 1274 (10th Cir. 2022).

In *Murry*, the appellants argued that the trial court erred when it declined to ask the jury pool about racial bias in a case involving illegal immigrants entering marriages to evade immigration laws. *Murry*, 31 F.4th at 1286. Appellants cited to statements made by then-President Donald Trump regarding certain countries and people that migrate from those countries, and implicit racial bias as grounds to question for racial bias. *Id*. at 1285. The trial court declined, instead emphasizing to the juror pool that the case dealt with immigration and asking the juror pool whether immigration-related issues would affect their impartiality. *Id*. at 1285.

The Tenth Circuit held that under *Rosales-Lopez*, the trial court did not abuse its discretion when it refused to ask specific questions requested by the defendants related to prejudice based on race or immigration. *Id*. at 1288-89. The Court noted that while "the Constitution may require questioning prospective jurors about racial or ethnic bias…to be

sure, no constitutional presumption of juror bias exists for or against members of any particular racial or ethnic group." *Id*. at 1286 (citing *Rosales-Lopez*, 451 U.S. at 189-90). Instead, "'[o]nly when there are more substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in a particular case does the trial court's denial of a defendant's request to examine the jurors' ability to deal impartially with this subject amount to an unconstitutional abuse of discretion.'" *Id*. (quoting *Rosales-Lopez*, 451 U.S. at 190). The Court observed that when the defendant requests an inquiry into racial or ethnic prejudice, "[f]ailure to honor the defendant's request…is reversible error only when the case's circumstances show a reasonable probability that racial or ethnic prejudice might have influenced the jury." *Id*. (citing *Rosales-Lopez*, 451 U.S. at 191).

    Here, Defendant does not assert that the Court failed to ask questions related to racial or ethnic bias or related to immigration and immigration status. Instead, Defendant baldly asserts that the questions failed to cure prejudice in the venire. The issue with Defendant's claim is that he relies upon a constitutionally invalid presumption of prejudice instead of asserting factual allegations supporting "substantial indications" that race or ethnicity would influence the case, or that "'racial issues [were] inextricably bound up with the conduct of the trial.'" *Id*. (quoting *Rosales-Lopez*, 451 U.S. at 189). As noted in *Murry*, "[t]hat immigration sometimes implicates race or ethnicity does not make all immigration cases inextricably bound up with race." *Id*. (citing *Rosales-Lopez*, 451 U.S. at 192). Nowhere in his Motion does Defendant provide factual support for his claim that the venire was biased because of his immigrant status. Accordingly, because Defendant's claim of juror prejudice and subsequent improper voir dire is supported only by naked and

5

conclusory allegations, he has failed to show the Court that his post-conviction challenge would be non-frivolous.[2]

Therefore, because Defendant has failed to show that his claims are not frivolous, his Motion is DENIED.

IT IS SO ORDERED this 9th day of December, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Conclusory allegations or requests for transcripts that are not supported by sufficient factual contentions are common grounds to deny motions for transcripts for post-conviction relief. *See United States v. Schneider*, 559 F. App'x 770 (10th Cir. 2014); *United States v. Lewis*, 37 F.3d 1510 (10th Cir. 1994) (table); *United States v. Harris*, 59 F.3d 179 (10th Cir. 1995) (table); *United States v. Austin*, 48 F.3d 1233 (10th Cir. 1995) (table); *United States v. Norwood*, No. CR-06-180-F, 2008 WL 11389447 (W.D. Okla. Dec. 9, 2008).