UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No. CR-23-227-R |
| ) | |
| ERICK GACHUHI WANJIKU,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

Before the Court is Defendant Erick Gachuhi Wanjiku's *pro se* Motion to Recuse [Doc. No. 153]. For the following reasons, Defendant's Motion is DENIED.

Pursuant to 28 U.S.C. § 455, judicial recusal is required when the judge's "impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party." The inquiry requires consideration of whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) (citations omitted). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Under this test, recusal is not warranted merely on the basis of adverse rulings or attempts at courtroom administration:

> Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification. Likewise, a judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are "immune" from charges of bias and partiality. Although a judge's remarks during the

1

> course of a trial may be critical, disapproving, or hostile to a party, usually they will not support a partiality charge.

*United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citations, quotation marks, and brackets omitted). Importantly, [j]udges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Well*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Nichols*, 71 F.3d at 351).

To support his Motion, Defendant attached an "Affidavit of Facts" [Doc. No. 153-1], forming the factual basis for his Motion. The allegations reference different exhibits of transcripts in the record, however, these exhibits are attached to his separate Motion to Unseal Voir Dire Transcripts [Doc. No. 152]. Notwithstanding this error, the Court notes Defendant's *pro se* status and considers the exhibits as if they were properly attached to the present Motion.

Every allegation is predicated on rulings or statements made during judicial proceedings, which as stated in *Nickl*, ordinarily do not support recusal. *Nickl*, 427 at 1298. The bulk of the allegations purporting to prove bias are premised upon adverse rulings. *See* Doc. No. 153-1 ¶¶ 2-8, 10. However, as discussed in *Nickl*, adverse rulings themselves cannot form the basis for recusal. *Id*. Defendant's remaining allegations include an attempt at courtroom administration, *see id*. ¶ 1, and a remark about sentencing guideline adjustment choices, *see id*. ¶ 10, neither of which alone can form the basis for recusal. *See Nickl*, 427 at 1298. To connect these rulings and remarks to the undersigned's alleged

2

partiality, Defendant implies knowledge and nefarious motive without any factual support. These conclusory allegations are insufficient to show partiality or bias, and therefore, Defendant's allegations do not warrant recusal.

Accordingly, the Court finds that based on the totality of the allegations and circumstances, a reasonable, objective person would not question the undersigned's impartiality. Therefore, Defendant's Motion to Recuse [Doc. No. 153] is DENIED.

IT IS SO ORDERED this 9th day of December, 2024.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE