UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. CR-23-227-R |
| ) | |
| ERICK GACHUHI WANJIKU    ) | |
| ) | |
| Defendant.    ) | |

### ORDER

Before the Court is Defendant Erick Gachuhi Wanjiku's Motion for a New Trial [Doc. No. 172] and Motion to Reduce Sentence [Doc. No. 174]. Both are denied.

Defendant bases his Motions on the recent recusal of the judge that presided over his state court trial. He insists that the judge recused because of bias against Defendant, that this bias tainted his state court trial, and that because his state court conviction eventually led to the instant conviction, it tainted this case as well. Defendant claims that the state judge's recusal is new evidence sufficient to warrant a new trial under Rule 33 of the Federal Rules of Criminal Procedure or a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). But the issue of the state judge's bias was presented in Defendant's appeal to the Oklahoma Court of Criminal Appeals. *See Wanjiku v. Oklahoma*, No. F-2022-96, "Summary Opinion" entered March 16, 2023. There, the Court of Criminal Appeals found no bias and affirmed his conviction. *Id*. Additionally, Defendant presents no evidence

1

suggesting that the state judge's recusal was due to bias.[1] So Defendant's Motions are unavailing and DENIED accordingly.

IT IS SO ORDERED this 1st day of May, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendant includes the state judge's recusal order as an exhibit in both Motions. But the order does not indicate that the state judge admitted bias in any way. Defendant's speculation that the state judge was biased without more does not support his requested relief.