UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-23-227-R |
| | ) |
| ERICK GACHUHI WANJIKU, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Erick Gachuhi Wanjiku's Motion for a New Trial and to Reduce Sentence [Doc. No. 176]. His Motion is DENIED.

For the second time, Defendant requests a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the basis that his state court trial was tainted by judicial bias [Doc. No. 172]. According to Defendant, the state trial judge's recusal is evidence of judicial bias. Doc. No. 176 at p. 1. It is Defendant's view that because his federal conviction was set into motion by his state conviction, an infirmity in his state conviction entitles him to a new federal trial.

To obtain a new trial under Rule 33, Defendant must prove that "(1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by his own lack of due diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *United States v. Anderson*, No.

1

CR-23-413-G, 2025 WL 310682, at *2 (W.D. Okla. Jan. 27, 2025) (quoting *United States v. Velarde*, 860 F. App'x 132, 137 (10th Cir. 2021)).

Defendant's request for a new trial misses the mark. His state conviction was not the basis for his federal conviction. Defendant was convicted of two counts of assault on a federal officer [Doc. No. 97]. That he was in federal custody in part because of his state court conviction does not change the basis for his federal conviction—kicking and biting federal officers while in the custody of ICE. So the new evidence is not material to his federal conviction, and would not produce an acquittal. His Motion for New Trial is denied.

Defendant also moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). But his argument in support of a reduction appears to exclusively attack his state court conviction. And a motion under § 3582(c)(1) is not the proper vehicle to collaterally attack the validity of a conviction or sentence. *See United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Even if Defendant's Motion was procedurally proper, it would still fail under § 3582(c)(1) because he has not met his burden of identifying a compelling circumstance that supports reduction or that a sentence reduction is consistent with an applicable policy statement. Moreover, Defendant has not shown that the factors outlined in 18 U.S.C. § 3553 support his requested relief. *See United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). So his Motion to Reduce Sentence is denied.

Accordingly, Defendant's Motion for a New Trial and to Reduce Sentence is DENIED.

IT IS SO ORDERED this 11th day of July, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE